Next case is PAMELA SHARP v. THE VAMPERS The case presents a simple up-and-down legal question, and that is whether the position of the United States within the meaning of the Aegis statute means the position and the reasons in support as the government asserted in the record before the agency and or in the court litigation that followed. Is that a facts question, application of law to fact, so that we don't have jurisdiction? No, I don't believe so, Your Honor. It defines, it's almost analogous to a review of an evidentiary ruling in terms of whether or not the lower court's ruling properly admitted or excluded particular evidence. The question isn't whether the evidence ought to be, or whether the evidence has value or persuasiveness, but whether it can be considered for any purpose. Wasn't that the holding, though, of the Carpenter case? This quintessentially discretionary ruling necessarily involves questions of fact and In the Carpenter case, though, Your Honor, my recollection is that it did not involve the issue of what was the position of the United States, but rather whether that position was persuasive. Under that condition, if we are here asking the court to make a decision on whether there was error in how the CAVC considered the persuasiveness or the reasonableness of the position of the United States, then I think you would be right that Carpenter would apply. But that's not what the question is here. The question is, could the Veterans Court, for any purpose, consider legal positions or reasons in support of legal positions that the VA never asserted, either in the board decision, the 2007 board decision, or in its argument for the Veterans Court? How could the government's position not be considered substantially justified here when the court below said that there was a statutory ambiguity, the statutes are silent, and judgment was rendered for the veteran only because of the veteran's preference, i.e., the government's position was not unjustified, it was substantially justified? Well, that's not precisely what Merritt's decision said. What the Merritt's decision said, looking at the argument in the litigation, the judicial review argument, the VA's only argument was that the statute 5110F was clear and unambiguous and that controlled the outcome of the case. The Veterans Court rejected that. It said there was no support for that position. That was the VA's litigation position, and that is the position against which substantial justification has to be reviewed. Didn't the court below say that the parties' arguments amounted to a tie? That's what the AJA decision judge said. In fact, the Merritt's decision said, made no such finding. The Merritt's decision said that, number one, the decision that, it did not refer to it as the decision advanced by Mrs. Sharp, but it described the interpretation advanced by Mrs. Sharp, that it was consistent with the plain meaning of the statute. In contrast, it said that the government asserted no support for its interpretation. So the application of Gardner was triggered in the Veterans Court Merritt's decision because while it found that the position that Mrs. Sharp advanced was consistent with the language of the statute and could be read applying, could be read consistently with that statute, the statute did not specifically address whether a subsequent rating decision could be the basis of a separate dependence benefits award. That's in sharp contrast with its total rejection of the VA's position that the statute was clear and unambiguous and showed that that could not be so. But I'm a little unclear going back to Judge Lori's first point. If we've got the, I guess it's the AJA decision that says the underlying appeal was a case of first impression that presented a close question, and in order to evaluate your argument here, would we not have to kind of look back at the weight assigned to various issues and second guess that, and wouldn't that encroach upon the lack of jurisdiction here? Well, I don't think so. And number one, before I respond to that, I'd point out that there are two separate substantially justified inquiries, one addressing the board rationale, one addressing the rationale asserted at the court level. That close call analysis was never made with respect to the agency position at the board. And either one, a lack of substantial justification or a failure of the VA to show that it was substantially justified at either the administrative level or the court level will support the AJA award. So that's number one. But number two, I would contend that, first of all, the AJA judge cannot alter the actual findings of the merits panel. In this case, the merits panel did not find it was a close call. And I think it exceeds the scope of the AJA judge in holding later that it did, because number one, the decision of the merits panel, I would argue, is the law of the case. The law held that, or the merits panel held that there was no support for the secretary's interpretation. That's internally inconsistent with what the AJA judge held. And in fact, the AJA judge did not make a separate evaluation. It merely attributed that finding to the veterans or to the merits panel. And it certainly is not what the merits panel found. So I would submit that the law of the case would bar the AJA judge from making that decision. As I understand your argument, you're challenging an interpretation of 28 U.S.C. 2412 in terms of the phrase position of the United States. Correct. So what interpretation of that statute was made by the veterans court that you're challenging? Well, we're looking at both the phrase the position of the United States and the phrase record of the proceedings. Did the veterans court interpret those statutory provisions? It did not specifically address that, but it implicitly relied upon an interpretation that the position of the United States for AJA purposes was not limited to what was asserted in the record of proceedings. If you actually look at the record, and that's what controls. If that's not true, if that's not an accurate view of 2412 D1, then Mrs. Sharp loses. But if indeed 2412 D requires the position of the United States, which is what the court must then assess the substantial justification of, if it requires that position to have been asserted in the record of proceedings, then the veterans court applied an incorrect legal standard by basing its analysis on legal arguments that were never asserted in the proceedings. Can you point us to what in the decision, therefore, that you can kind of call out as the basis for your conclusion that that's what was done here? Well, certainly the decision states that there is a good faith belief that the finality of the regional office decision precluded an earlier effective date. Earlier effective date was never an issue in this case. The issue was whether, if I may take just a moment, there were two rating decisions. The first rating decision generated entitlement to Section 1115 dependence benefits, and there is no question in my mind, and we've never challenged below, that decision awarding dependence benefits under that first rating decision offered Mr. Sharp everything that he could have got. He didn't appeal it because he had no legal grounds to amount an appeal. The question was whether a subsequent rating decision, which granted a higher benefit, a higher rating to him, and therefore generated a greater Section 1115 dependence benefits, was a separate basis for an award of Section 1115 dependence benefits. That decision, inarguably, was never final. The finality argument solely applied to the first rating decision and the fact that Mr. Sharp did not appeal the dependence benefits award made based on that first rating decision. But there was never a question of finality about the second rating decision and the second award of dependence benefits. That was in appellate status from 1998 when it was made until 2009 when the Veterans Court finally resolved this. The VA never asserted that the second rating decision was final, so that was not the position found in the record that the VA relied upon. The court also said that the VA's position is consistent with other types of awards, even though it was wrong that it was consistent with other types of awards. That position was never asserted by the board or by the VA in the litigation. The board's analysis was simply that it's not allowed, you can't do it, you can't get a Section 1115 benefit on a second subsequent rating decision. It offered no rationale for that. They just said no, essentially. So there's nothing to review. There is no position of the United States with respect to the board's decision except it's their conclusion that this is the way it is. Ms. Booth, you wanted to save five minutes for a button. There are more than two and a half. You can continue or save it. I would like to save. Thank you, Your Honor. Ms. Kirshner. May it please the court. Sharp contends that the Veterans Court's decision is an error in two respects. It contends that the Veterans Court attributed to the government positions that the government did not take in the proceeding. And secondly, that the Veterans Court attributed to the merits decision findings that the merits panel did not make that are contrary to the decision on the merits. This court has no jurisdiction because neither event happened in this case and there is no real legal issue for the court to address. Can I just step back to try to understand, make sure I understand what you're saying. As I understood at least a portion of Ms. Booth's argument, it was that the legal question presented in this case was that the position of the government, there's a totality of circumstances test and then there's the position of the government. And I thought she was complaining or arguing that totality of the circumstances should not be allowed to be applied to go beyond the positions actually argued by the government. Am I right about that? So is that not a legal, my question would be, is that not a legal question as to whether or not position of the government can include arguments or facts or theories other than what was actually presented and argued by the government below? In Sharpe's Reprieve, she does attempt to craft that legal question. Our point is that the legal question has to be embedded in the veterans court's decision. If the legal question is not there in the record, in the veterans court's decision, there is no question for this court then to review. And why was it not embedded? Because the district, the merits decision never really parsed, I mean never really reached out beyond the positions actually asserted by the government? The reason why the legal question is not in the veterans court's aegis decision is because in that aegis decision, the veterans court did not make an interpretation of the term position of the United States. Sharpe contends that the veterans court decision contains an interpretation of that aegis term to the effect that position of the United States includes all potential legal reasons regardless of whether the government ever asserted such a reason. There is no such interpretation of the term position of the United States in the aegis decision. But if the aegis decision had explicitly called out to circumstances other than positions taken by the government, then would that be sufficient? No, because the decision here, it's not that type of decision. What the decision does on page three is set out what the position of the United States is. And this is on page three, the first full paragraph. And it starts out and gives an explanation of the secretary's position at the specific citations to the record of the proceedings to the regional offices statements of the case and then to the board decision. And it explains what the secretary's position was. So you're saying that there's nothing in this decision that would point to the board, the court having gone beyond the positions actually argued by the government? Correct. In this, they give an explicit explanation in the first full paragraph on page three as to what the secretary's position was, starting at the administrative phase. And it's all set out there, but to sum it up very quickly, the secretary's position was that there was a time limit to give information as to your dependence, that the information was received late. 1996, because the information came in late, a decision letter went out on December 17th, 1996, awarding dependency compensation benefits effective January 1st, 1997. That was a decision of the agency giving dependency compensation benefits. And that decision of the agency was never challenged, became final. Independency benefits were paid beginning January 1st, 1997 to Mr. Sharp and paid all into the future. Well, is it the government's position, however, just leaving aside the facts of this case, that the totality of circumstances test applied in these cases can go beyond what was actually advocated by the government below? I want to be specific. The totality of the circumstances test is very, very broad, as this court said in White v. Nicholson, and it includes consideration of any item that is a valid issue to look at. I think that's a very important language of this court in White v. Nicholson. Now, what Mrs. Sharp is complaining about is the reference in the opinion to the secretary's position being consistent with other provisions. And that's the paragraph that is at the bottom of page 3, and it's also referenced at the top of page 4, where it's the judge states, based on the dearth of then-existing case law, similar provisions consistent with the rules of finality through R.O.'s position was a reasonable one. Now, that's the application of the substantial justification totality of the circumstances test. Now, in applying that test, as this court said in White v. Nicholson, the court, the Egypt court, can look at any valid issue. Now, it was certainly a valid issue to look at similar provisions because the merits decision did the same thing. When the merits decision looked at this difficult legal question that had never been addressed by any veterans' board decision, by any veterans' court decision, they looked at the statute. They looked at the history. They also looked at the structure of the statute, including other provisions, other similar provisions. Now, if the merits decision can look at other similar provisions in evaluating the reasonableness of the secretary's position, certainly the Egypt judge could do the same thing. Well, I may agree with you entirely, but what I'm missing is why wouldn't that be an adequate, at least legal question posed to us so that we would have jurisdiction. I mean, if we have jurisdiction, we might end up agreeing with you that what they did was entirely appropriate under the totality of circumstance approach. But why isn't that a valid legal question to us? There's several reasons. First of all, in her reply brief, Sharp says that she has no issue with the totality of the circumstances test. She's not asking this court to interpret again the totality of the circumstances test. Nor in her reply brief, she also says that she's not asking the court to apply the totality of the circumstances test to the facts of this case because, of course, this court doesn't have jurisdiction to do that. So she says explicitly that she's not asking the court to interpret the totality of the circumstances test, nor is she asking the court to apply it. So if she's not presenting the legal issue, then, of course, the court doesn't have any legal question. And then the second point would be that before the court can undertake to review a legal question, it really has to be there. It really has to be present in the Veterans Court's EJIA decision. Now, there is really no issue as to interpretation of the totality of the circumstances test in the Veterans Court's decision here because all the court did was faithfully state the test, citing to White versus Nicholson, and then apply the test to the facts of this case, which is, of course, a carpenter decision that the court cited, and the Bowie versus West, Clemens versus West, and Stilwell versus West. This court doesn't have jurisdiction to look at the application of the totality of the circumstances test to the facts of the case.  So as to the position of the United States, that legal issue that Sharpe is trying to frame, that question is really not embedded in the EJIA decision because the EJIA court did not adopt an interpretation of EJIA such that the position of the United States would include all potential reasons regardless of whether the government actually asserted them in the record of the case. What the EJIA judge did is faithfully set out the reasons that the government did assert, and then he went forward and applied the substantial justification totality of the circumstances test to the government's position and evaluated whether it was a reasonable one and concluded that it was indeed a reasonable one that a party could have taken, given especially the fact that this was a difficult legal question, that there was no board decisions, no veterans court decisions. In fact, it's rather remarkable that this issue had never, ever arisen given the history of all the decisions that have been issued with regard to veterans. Anything further, Ms. Kirshner? Just like to say that because Mr. Sharpe has not demonstrated that the veterans court adopted findings that are inconsistent with its decision on the merits, that there is also no legal issue with regard to whether or not it concluded that the merits issue was a close question. She hasn't demonstrated that there is an inconsistency between the conclusion of the EJIA judge that it was a close question and the merits panel decision. The merits panel decision points out that both parties contended that the statute was clear and ambiguous and that ultimately it found this to describe the question as being a muddied question, as being a question that is not addressed in the statute, the legislative history, or the secretary's regulations. Accordingly, we think the court should dismiss the lack of jurisdiction. Thank you, Ms. Kirshner. Ms. Booth has a little more than two and a half minutes. Thank you, Your Honor. The substantial justification issue is a two-step analysis under the statute. The first part is that the court must identify what the position of the United States was. Only once the position is identified and as the government has agreed in its brief, that position is articulated or asserted before the agency and also before the court that it must actually be in the record of proceedings. Once that position is articulated, then we go to step two and the court makes the analysis of whether that position is substantially justified. That's the point. Step two at which the totality of the circumstances test first arises. The totality of the circumstances does not define, limit, expand in any way on the position of the United States. It is the test that is of assistance in determining whether or not that position was reasonable. Did the decision of the Veterans Court depend upon any argument that was not made by the government? The argument that the government presented is almost totally bereft of any rationale or analysis. The decision depended on, number one, and contrary again to what the government says today, the Veterans Court did not regard this as a terribly complex issue. It found that the interpretation advanced by Mrs. Sharp was consistent with the ordinary language of the statute. That's hardly a complex analysis. Conversely, the only argument presented in the government's brief was its bare conclusion that the statute was clear and unambiguous and therefore it was a consideration of the second rating decision. The Veterans Court outright rejected that. It said there was no support offered for it. That interpretation has no support. That's what the Veterans Court found. Wasn't the determination of the Veterans Court, therefore, made on the basis of the arguments that were presented? In other words, the position that was actually taken? It was made on the basis of the position that Mrs. Sharp's argument was consistent with the language of the statute. It rejected the Secretary's position because it had no support. And that is the position that the IJRA decision, the IJRA judge should have considered. Was it substantially justified? Was it reasonable? That's the decision that should have had the totality of the circumstances applied to it. But all of the other reasons that the IJRA court relied upon were not the reasons that the VA asserted to support its position. Thank you, Ms. Booth. We'll take the case under advisement. Thank you, Your Honor. Thank you.